UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SANCHEZ HAROLD | CIVIL ACTION |
| VERSUS | NO. 25-792 |
| SGT. JORDAN JOSHLIN, ET AL. | SECTION "M" (2) |

## ORDER AND REASONS

Plaintiff Sanchez Harold filed a Motion to Produce Documents (ECF No. 13) in connection with his *pro se* and *in forma pauperis* complaint brought under 42 U.S.C. § 1983 challenging the conditions of his confinement. In the motion, Harold seeks an order compelling production of kiosk machine tickets, a logbook, video footage, medical records, and investigative reports from defendants. ECF No. 13 at 1-2. Harold's request for an order compelling discovery is improper for several reasons.

First, a party such as Harold is required to present discovery or production requests directly to the appropriate party or non-party in accordance with Rules 34 and/or 45 of the Federal Rules of Civil Procedure before seeking a court order compelling production.[1] The fact that Plaintiff is proceeding *pro se* and *in forma pauperis* does not entitle him to avoid the proper means or costs of discovery to obtain the items he seeks.[2] In addition, under Fed. R. Civ. P. 37(a)(1), Harold also must establish or certify that he conferred or attempted to confer with defendants, any non-party, or their counsel before seeking the Court's assistance with discovery, which he has not done.

---

[1] *Maloney v. St. Farm Fire & Cas., Co.*, No. 06-9183, 2008 WL 1850774, at * 2 (E.D. La. Feb. 20, 2015) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)) (*pro se* litigants are not exempt from complying with the procedural and substantive rules of law).

[2] *See, e.g.*, *Badman v. Stark*, 139 F.R.D. 601, 604-05 (M.D. Pa. 1991). The *Badman* case is informative where the court noted: "The Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena *duces tecum*. That the court may order a discovering party to pay the reasonable costs of a non-party's compliance with a subpoena *duces tecum* finds support among said Rules." *Badman*, 139 F.R.D. at 605. Plaintiff here has made no provision for the costs of obtaining this discovery should the items be sought from a non-party. *Id*.

Furthermore, on July 10, 2025, I issued an order for service on defendants via the United States Marshal's Service. ECF No. 11. As of the date of this order, no return on service on any defendant has been entered into the record. Therefore, no party has been served with summons or provided the opportunity to respond to Harold's complaint, the factual allegations, or the substantive relief he seeks in the complaint and in this motion to compel. Thus, until service has been effected and defendants appear, discovery is premature and will not be allowed. Accordingly,

**IT IS ORDERED** that Sanchez Harold's Motion to Produce Documents (ECF No. 13) is **DENIED** as premature.

New Orleans, Louisiana, this __11th__ day of August, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE