**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SANCHAZ HAROLD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-792** |
| **JORDAN JOSHLIN, ET AL.** | **SECTION: "M"(5)** |

## PARTIAL REPORT AND RECOMMENDATION

Plaintiff filed the instant complaint in April of 2025. (Rec. docs. 1, 6). Plaintiff proceeds *in forma pauperis*. (Rec. doc. 8). Plaintiff sues five Defendants, two of whom are Sergeant Jordan Joshlin and Captain Terry Lane, former employees of the Tangipahoa Jail. As a pauper, Plaintiff is entitled to have service effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). However, the United States Marshal was unable to effect service on Joshlin or Lane as they are no longer employed at the Tangipahoa Parish Jail, the address that Plaintiff provided for service. (Rec. docs. 23, 24).

On January 16, 2026, this Court ordered Plaintiff to provide it with the current addresses for Defendants Joshlin and Lane so that summons could be reissued, or if he was unable to provide the addresses, to show cause in writing why his claims against these Defendants should not be dismissed for failure to prosecute. (Rec. doc. 25). Plaintiff responded to that Order, informing the Court only that "he is unable to provide the current address of the defendants Jordan Joshlin and Terry Lane . . . .". (Rec. doc. 31).

The Federal Rules provide:

If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within

a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

As noted, Plaintiff is entitled to have the Marshal effect service on Defendants. Fed. R. Civ. P. 4(c)(3). That fact, however, does not relieve Plaintiff of all responsibility regarding service. Rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and *attempt to remedy any apparent service defects of which a plaintiff has knowledge.*" *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) (emphasis added). Dismissal is appropriate when service has not been properly effected due to the inaction or dilatoriness of a plaintiff. *Id.*

More than 90 days have elapsed since this lawsuit was filed on April 22, 2025. Despite the passage of that extensive period of time, Plaintiff has not provided this Court with the correct addresses for Defendants Joshlin and Lane. The Court gave Plaintiff notice of the fact that Defendants had not been served, as well as an opportunity to cure that defect. Nevertheless, Plaintiff has not cured the defect by providing the necessary service information, and, as a result, no service has been effected. Therefore, the failure to serve Defendants results not from the actions or inactions of the Court, but rather solely from the inaction and dilatoriness of Plaintiff.

Despite being given express notice that his claims against Defendants could be dismissed unless he provided the required information or showed good cause for failing to do so, Plaintiff only responded to the Court that he cannot provide the Marshal with the proper addresses of Defendants. Without service on Joshlin and Lane, issue cannot be joined,

2

and this case cannot proceed against the three properly-served Defendants. Accordingly, this Court finds that dismissal of the claims against Joshlin and Lane without prejudice is now appropriate. *See, e.g., Gipson v. Keith*, 678 F. App'x 264, 266 (5th Cir. 2017); *Triplett v. LeBlanc*, 642 F. App'x 457, 459-60 (5th Cir. 2016); *Armant v. Stalder*, 351 F. App'x 958, 959 (5th Cir. 2009); *Pines v. St. Tammany Par. Prison*, Civ. Action No. 09-3113, 2009 WL 3347384 (E.D. La. Oct. 14, 2009). Accordingly,

**IT IS RECOMMENDED** that Plaintiff's claims against Jordan Joshlin and Terry Lane be **DISMISSED WITHOUT PREJUDICE** for failure to effect service on Defendants.

### NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[1]

New Orleans, Louisiana, this 10th day of March, 2026.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.