**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SANCHAZ HAROLD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-792** |
| **JORDAN JOSHLIN, ET AL.** | **SECTION "M" (5)** |

## REPORT AND RECOMMENDATION

Before the Court is the Fed. R. Civ. P. 12(b)(5) Motion to Dismiss for Insufficient Service of Process (rec. doc. 33) filed by Defendant, Nurse Angela Brazil.  Plaintiff, Sanchaz Harold, filed no opposition in accordance with the local rules of this Court.  Having reviewed the record, the pleading, and the law, the Court rules as follows.

### I.  Background

Plaintiff filed suit on April 22, 2025.  (Rec. doc. 1).  The initial Complaint was deemed deficient by this Court, and Plaintiff subsequently filed a revised Complaint pursuant to 42 U.S.C. § 1983 against five Defendants, including Nurse Brazil.  (Rec. doc. 6).  It appears that Plaintiff raises Section 1983 claims for failure to protect, excessive force, and medical indifference.  (*Id.*).  On July 10, 2025, Plaintiff attempted to issue summonses to Defendants, but on October 17, 2025, the summonses were returned to the Clerk's Office by the U.S. Marshal, who explained that service could not be completed because the addresses for the individuals being served were not provided.  (Rec. doc. 15).

On November 18, 2025, summonses were again issued.  (Rec. doc. 19).  On January 12, 2026, the summons directed to Nurse Brazil was delivered to the Tangipahoa Parish Jail, located at 101 Campo Lane, Amite, Louisiana 70422, where it was received by Ashley Rodrigue, identified as a public information officer.  (Rec. doc. 21).  That delivery occurred more than 90 days after Plaintiff filed his revised Complaint on June 13, 2025.  (Rec. doc. 6).

Nurse Brazil maintains that she has not been properly served in accordance with Federal Rule of Civil Procedure 4(e) because she has not been served personally, has not been served at her dwelling or usual place of abode, and has not been served through an agent authorized by appointment or by law to receive service of process on her behalf. (Rec. doc. 33). As such, Nurse Brazil moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(5) and Rule 4(m), to dismiss Plaintiff's claims against her without prejudice for insufficient service of process. (*Id.*).

## II.    Legal Standard

A motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure challenges the mode of delivery or lack of delivery of the summons and complaint. *Lee v. OfferUp, Inc.*, Civ. A. No. 17-1609, 2018 WL 1326154, at *2 (E.D. La. Mar. 15, 2018). A 12(b)(5) motion turns on the legal sufficiency of the service of process. *See id.* When a defendant brings a Rule 12(b)(5) challenge, the plaintiff bears the burden of establishing that service of process was valid. *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992) (citation omitted). A district court has broad discretion to dismiss an action pursuant to Rule 12(b)(5) for insufficient service of process. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) (citing *George v. U.S. Dep't of Lab.*, 788 F.2d 1115, 1116 (5th Cir. 1986)).

The procedural requirements for proper service are set forth in Rule 4 of the Federal Rules of Civil Procedure, and Rule 4(m) gives a plaintiff 90 days after filing the complaint to serve the defendant. Under Rule 4(m), when a plaintiff fails to serve a defendant within the 90-day period, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If, however, the

plaintiff shows good cause for the failure, "the court must extend the time for service for an appropriate period." *Id.*  To establish good cause, the party who allegedly made insufficient service of process must show "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Sys. Signs Supplies v. U.S. Dep't of Just., Wash., D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (citation omitted).

Nonetheless, even absent a good cause finding, the Fifth Circuit has counseled that a district court may still assess the fairness of an extension for proper service.  *See Thompson v. Brown*, 91 F.3d 20, 22 (5th Cir. 1996).  To that end, the Court may exercise its "broad discretion" to construe a motion to dismiss pursuant to Rule 12(b)(5) as a motion to quash service.  *See, e.g., U.S. Fire Ins. Co. v. Miller*, Civ. A. No. 02-1828, 2002 WL 31886812, at *2 (E.D. La. Dec. 18, 2002) (citing 5B Wright & Miller's Federal Practice & Procedure § 1353 (2d ed. 1990)).  When there is "a reasonable prospect that plaintiff ultimately will be able to serve defendant properly," the appropriate course of action is to quash service and allow the plaintiff an opportunity to effect proper service, thus preserving the matter before the court. *Thomas v. New Leaders for New Schs.*, 278 F.R.D. 347, 352 (E.D. La. 2011) (citing 5B Wright & Miller's Federal Practice & Procedure § 1354 (3d ed. 2004)); *see also Amir El v. Louisiana State*, 2016 WL 6563403, at *2 (E.D. La. Nov. 4, 2016) (citation omitted) (refusing to dismiss action when service is "insufficient but curable").

### III.     Analysis

Rule 4(e) of the Federal Rules of Civil Procedure provides that an individual may be served by either

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the

> district court is located or where service is made; or (2) doing
> any of the following: (A) delivering a copy of the summons and
> of the complaint to the individual personally; (B) leaving a copy
> of each at the individual's dwelling or usual place of abode with
> someone of suitable age and discretion who resides there; or (C)
> delivering a copy of each to an agent authorized by appointment
> or by law to receive service of process."

Fed. R. Civ. P. 4(e).

Here, Nurse Brazil argues that Plaintiff has not fulfilled any of these methods of service. Plaintiff's initial attempt at service failed, as the summons was returned to the Clerk's Office due to insufficient address information. Plaintiff's subsequent attempt resulted in delivery of the summons to a public information officer at the Tangipahoa Parish Jail, not to Nurse Brazil personally, not at her dwelling, and not to an authorized agent.

Notably, "Louisiana law does not authorize service of an individual at the individual's workplace." *See Jason v. Nugent*, Civ. A. No. 04-1722, 2005 WL 53301, at *2 (E.D. La. Jan. 7, 2005). Further, under Rule 4(e)(C), service at an individual's place of employment would only be sufficient if the individual served is an agent authorized by appointment or law to receive service on behalf of the defendant. Delivering a summons and complaint to an employee at a defendant's workplace does not constitute personal service; nor does it qualify as service at a defendant's "dwelling or usual place of abode." *See Marshall v. Warwick*, 155 F.3d 1027, 1030 (8th Cir. 1998) ("[L]eaving a copy of the summons at the defendant's place of employment, when the service of process statute requires that the server leave it at the defendant's dwelling, is not valid service of process."); *West v. Paige*, 835 F. Supp. 20, 22 (D. Me. 1993) ("The defendant Nappi was ostensibly served through service upon a secretary at his place of employment. This does not satisfy the service requirements of [Rule 4]."). Here,

4

there is no evidence that Ashley Rodrigue was authorized as an agent to receive service on behalf of Nurse Brazil.

However, when serving public officials in their official capacity, Article 1265 of the Louisiana Code of Civil Procedure provides that "[a] public officer, sued as such, may be served at his office either personally, or in his absence, by service upon any of his employees of suitable age and discretion." La. Code Civ. Proc. art. 1265. To reiterate, such service is appropriate only "in [the public official's] absence" from the workplace. La. Code Civ. Proc. art. 1265. In other circumstances, a public official should be served personally at his or her office. Here, there is no indication that Nurse Brazil was absent from the facility at the time of service. Even then, Nurse Brazil is not employed by the Tangipahoa Parish Jail or Sheriff's Office. (Rec. doc. 33-1). She is employed by an independent medical contractor that provides healthcare services at the facility. (*Id.*).

Plaintiff's first attempt at service failed. His second attempt resulted in delivery of the summons to a public information officer at the Tangipahoa Parish Jail rather than to Nurse Brazil personally. The Tangipahoa Parish Jail is not Nurse Brazil's dwelling or usual place of abode. There is no evidence that Ashley Rodrigue was appointed as an agent authorized by law to do so. Accordingly, service has not been properly affected under Rule 4(e). Additionally, despite having more than one attempt to perfect service, proper service has not been accomplished within the time prescribed by Rule 4(m). Plaintiff has not demonstrated good cause for this failure or asked the Court for an appropriate extension of time for service (in fact, he failed to oppose the pending motion). Therefore, dismissal without prejudice is warranted.

## IV.    Recommendation

Accordingly,

**IT IS RECOMMENDED** that the Fed. R. Civ. P. 12(b)(5) Motion to Dismiss for Insufficient Service of Process (rec. doc. 33) be **GRANTED.** All claims against Nurse Brazil are **DISMISSED WITHOUT PREJUDICE** for failure to effect proper service on her under Federal Rule of Civil Procedure 4(e) and 4(m).

### NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[1]

New Orleans, Louisiana, this ___23rd___ day of ___April___, 2026.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.