**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SANCHAZ HAROLD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-792** |
| **JORDAN JOSHLIN, ET AL.** | **SECTION "M" (5)** |

**ORDER AND REASONS**

Before the Court is a pleading entitled "In Regard to Order" (rec. doc. 40) filed by Plaintiff, which this Court construes as a motion to amend given the relief requested therein.[1] There is no opposition to the motion. Having reviewed the motions and the case law, the Court rules as follows.

## I.   Background

Plaintiff filed this lawsuit under 42 U.S.C. § 1983 on April 22, 2025. (Rec. doc. 1). In short, Plaintiff maintains that he is legally blind under the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.* (*Id.* at 3). Plaintiff alleges that he has made numerous requests to various Defendants at the Tangipahoa Jail (the "Jail") – where he is incarcerated – to treat him as legally blind under the ADA and, *inter alia*, house him in the medical dorm at the Jail. (*Id.* at 3). He alleges numerous instances of mistreatment by prison staff, an inability to communicate with anyone outside of the prison, and various instances of neglect from both jail personnel – which led to an alleged broken jaw caused by a beating from other inmates – and the medical staff. (*Id.* at 5-8). Plaintiff alleges that every time he asked for medical treatment, medical personnel informed him that he had to submit a request through

---

[1] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (pro se pleadings are "to be liberally construed," and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

a "kiosk machine," but requests placed in the "kiosk machines" were never answered.  (*Id.*).

He maintains that he fears for his life in general population and should be in the medical

dorm due to his blindness.  (*Id.*).  He ultimately seeks monetary damages.  (*Id.* at 4).

Three Defendants have already been dismissed without prejudice for failure to serve

and/or properly effectuate service.  (Rec. docs. 34, 36, 39, 41).

II.    **The Motion to Amend**

In his motion, Plaintiff seeks to amend his complaint to add Sheriff Gerald Sticker and

the Tangipahoa Parish Jail as Defendants in this lawsuit because he cannot provide the

addresses to serve proposed Defendants Jordan Joshlin and Terry Lane.  There are numerous

problems with Plaintiff's request.

First, this Court has already issued a report and recommendation to dismiss without

prejudice Joshlin and Lane as Defendants for failure to serve under Federal Rule of Civil

Procedure 4(m).  (Rec. doc. 34).  The District Court adopted this Court's report and

recommendation.  (Rec. doc. 36).  Accordingly, Joshlin and Lane are no longer even

Defendants in this lawsuit so service is unnecessary at this time and under these

circumstances.

Second, Sheriff Gerald Sticker is already a named Defendant in this lawsuit and has

appeared through counsel.  The Motion is thus moot in this regard.

Third, adding the Tangipahoa Parish Jail as a Defendant in this lawsuit would be futile.

The "Tangipahoa Parish Jail" is not a proper defendant with respect to any type of Section

1983 claim.  The jail is simply a building, and, as such, is an improper defendant in a Section

1983 action.  *See Johnson v. Tangipahoa Par. Jail*, No. CV 21-1698, 2022 WL 1547764, at *5

(E.D. La. Apr. 25, 2022), *report and recommendation adopted*, No. CV 21-1698, 2022 WL

1540610 (E.D. La. May 16, 2022); *Robinson v. Pinion*, Civ. A. No. 05-6364, 2006 WL 2710443, at *3 (E.D. La. Sept. 19, 2006) ("[T]he Court finds that the claim against the 'Tangipahoa Parish Jail,' which plaintiff has named as a separate defendant, should be dismissed as frivolous and for failing to state a claim upon which relief may be granted. A detention facility is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983."); *accord Porter v. St. Bernard Par. Jail*, Civ. A. No. 15-5716, 2015 WL 10323883, at *1 n.1 (E.D. La. Dec. 21, 2015), *adopted*, 2016 WL 687655 (E.D. La. Feb. 19, 2016); *Coleman v. Terrebonne Par. Crim. Just. Complex*, Civ. A. No. 13-4325, 2013 WL 6004051, at *5 (E.D. La. Nov. 13, 2013).

## III.   Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Amend (rec. doc. 40) is **DISMISSED AS MOOT IN PART** and **DENIED IN PART** as futile.

New Orleans, Louisiana, this ___15th___ day of ___May___, 2026.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**